## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

ALPHONSE JOHNSON,

        Plaintiff,

    v.

RAMSEY BENNETT, et al.,

        Defendants.

CIVIL ACTION NO.: 5:22-cv-49

### ORDER AND REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915(e).  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  Finally, I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court.  Doc. 2.

### PLAINTIFF'S CLAIMS[1]

Plaintiff, residing in Winter Garden, Florida, brings claims under 42 U.S.C. § 1983, alleging constitutional violations that caused him personal injury and loss of personal property.  Doc. 1 at 16–17.  Plaintiff explains he was in a car accident in Orange County, Florida, on

---

[1]    All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

January 15, 2020.  Id. at 16.  A police officer took him to the hospital and arrested him on an outstanding warrant.  After staying in jail for several days in Orange County, the Pierce County (Georgia) Sheriff transported him to jail in Blackshear, Georgia, on the week of January 20, 2020.  Plaintiff was detained in Pierce County for a couple of weeks, and he was released when his lawyer called the district attorney, who dismissed the warrant.  Id. at 16–18.  Plaintiff attached the district attorney's warrant dismissal, which was signed on February 13, 2020.  Id. at 18.  Plaintiff also attached a copy of the warrant, sworn by Defendant Janice Harris on March 29, 2017, which was apparently the result of a property dispute between Plaintiff and Defendant Harris.  Id. at 19.  After Plaintiff's release, jail officials refused to return his personal property, including money.  Plaintiff says someone sent him his property sometime later, but some property was missing.  Id. at 17.

Plaintiff alleges Defendants Kelvin Britt, Robert Newton, and Kelly McQualey, all jail officials or officers, mistreated him and ignored his medical needs resulting from his recent car accident while he was in jail in Pierce County.  Doc. 1 at 13–14.  This mistreatment caused or caused aggravation to five bulged and herniated discs and nerve damage.  Id. at 17.  Plaintiff alleges Defendant Jerry Ray Herrin, a Pierce County Magistrate, violated his constitutional rights and committed racial discrimination against him when the magistrate approved the 2017 arrest warrant and again when he denied Plaintiff bond after his 2020 arrest.  Id. at 13.  Plaintiff alleges Defendant Neal Bennett, Chairman of the Pierce County Board of Commissioners, violated his constitutional rights "by allowing that kind of discrimination to take place and by that he commit retention."  Id. at 14.  Plaintiff alleges Defendant Ramsey Bennett, the Pierce County Sheriff, violated his constitutional rights by enforcing the 2017 warrant against him.  Id. at 13.  Finally, Plaintiff alleges constitutional violations by Defendants Janis Harris and Willie James

Murcherson based on their actions during Plaintiff's property dispute with them and Defendant Harris' warrant application.  Id. at 15.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a), 1915(e); Mehmood v. Guerra, 783 F. App'x 938, 940 (11th Cir. 2019) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike.").  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.    Plaintiff's Claims Are Barred by the Statute of Limitations**

Plaintiff's constitutional claims are barred by the statute of limitations.  Constitutional

claims brought under § 1983 "are tort actions, subject to the statute of limitations governing

personal injury actions in the state where the § 1983 action has been brought." Powell v.

Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011).  Georgia has a two-year statute of limitations for

personal injury actions.  O.C.G.A. § 9-3-33.  Although state law determines the applicable statute

of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v.

Ray, 327 F.3d 1181, 1182 (11th Cir. 2003).

Generally, "the statute of limitations does not begin to run until the facts which would

support a cause of action are apparent or should be apparent to a person with a reasonably

prudent regard for his rights." Id.  "The statute of limitations for claims brought under § 1983

begins to run when facts supporting the cause of action are or should be reasonably apparent to

the claimant." Johnson v. County of Paulding, 780 F. App'x 796, 798 (11th Cir. 2019) (citing

Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003)).

Plaintiff's claims concern two factual circumstances: (1) the application for, issuing of,

and enforcement of the 2017 Pierce County warrant; and (2) Plaintiff's mistreatment by jail in

Pierce County.  Plaintiff should have been aware of the facts surrounding the 2017 warrant no

later than February 13, 2020, when the district attorney dismissed the warrant and he was

released from jail.  Therefore, the statute of limitations for Plaintiff's claims against Defendants

Ramsey Bennett, Herrin, Harris, Murcherson, and Neal Bennett expired, at the latest, in February

2022, about six months before Plaintiff filed his Complaint.  Likewise, it was apparent to

Plaintiff in February 2020 jail officials mistreated him, ignored his medical needs, and deprived

him of his property.  Therefore, the statute of limitations for Plaintiff's claims against Defendants Britt, Newton, and McGualey also expired, at the latest, in February 2022.  Thus, absent any basis for tolling, all of Plaintiff's claims are barred by the statute of limitations.

Here, there is no apparent basis for tolling Plaintiff's claims.  See Bridgewater v. DeKalb County, No. 1:10-cv-1082, 2010 WL 11507266, at *6–8 (N.D. Ga. July 12, 2010) (providing a discussion on the tolling provisions available under Georgia and federal law).  Georgia law provides the limitations period may be tolled in the following circumstances: (1) the party is legally incompetent, O.C.G.A. § 9-3-90; (2) the person becomes legally incompetent after the right accrues, O.C.G.A. § 9-3-91; (3) an estate becomes unrepresented, O.C.G.A. §§ 9-3-92, 9-3-93; (4) the defendant is absent from the State, O.C.G.A. § 9-3-94; (5) one party in a joint action is legally incompetent, O.C.G.A. § 9-3-95; (6) there is fraud by the defendant, O.C.G.A. 9-3-36; (7) there are counterclaims and cross claims, O.C.G.A. § 9-3-37; (8) the party is bringing a medical malpractice claim, O.C.G.A. § 9-3-97.1; (9) a tort arises from a crime, O.C.G.A. § 9-3-99; and (10) there is a non-statutory basis for equitable tolling.  Bridgewater, 2010 WL 11507266, at *6 (citing State v. Private Truck Council, Inc., 371 S.Ed.2d 378, 380–81 (Ga. 1988)).

Additionally, there is no basis for non-statutory equitable tolling in this case.  "Georgia's non-statutory doctrine of equitable tolling is extremely narrow," and the only discussion of non-statutory equitable tolling in the Georgia courts is in the context of a class action lawsuit.  Id. at *7 (citing Hicks v. City of Savannah, No. 4:08-cv-06, 2008 WL 2677128, at *2 (S.D. Ga. July 8, 2008), and Private Truck Council of Am., Inc., 371 S.E.2d at 380)).  Because Plaintiff brings a § 1983 claim and not a class action, the claim is not tolled under Georgia's non-statutory

equitable tolling.  See id. (holding same).  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Also, I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 2.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

       **SO ORDERED** and **REPORTED and RECOMMENDED**, this 10th day of March,

2023.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA